# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MARILYN BOLEY POINTER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:20-CV-00437-RDP |
| **KILOLO KIJAKAZI, Acting Commissioner of the Social Security,** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Plaintiff Marilyn Boley Pointer brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability and disability insurance benefits ("DIB"). *See also* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Proceedings Below**

Plaintiff filed her application for disability and DIB on February 8, 2012, alleging disability beginning March 30, 2008, but she later amended that date to March 6, 2010. (R. 103, 221, 1490). Plaintiff's application was denied on March 31, 2012. (R. 129). On April 12, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 138). Plaintiff's request was granted and a hearing was scheduled for July 16, 2013. (R. 140).  Plaintiff, her counsel, and a vocational expert ("VE") were present for the hearing on July 16, 2013. However, in order for the ALJ to review new exhibits that had been filed that morning, the ALJ postponed the case until later in the day. (R. 109). The ALJ did reconvene the hearing later that day, however, because

neither Plaintiff nor her counsel could be located. (R. 110). The ALJ marked the case as "failure to appear; a no show." Thereafter, Plaintiff's counsel communicated her misunderstanding to the ALJ as to why she and her client were not present and the hearing was rescheduled for October 15, 2013. (R. 183-85). Plaintiff, her attorney, and a VE were in attendance at the hearing on October 15, 2013. (R. 90-111).

In his decision dated January 13, 2014, the ALJ found Plaintiff has the severe impairments of degenerative disc disease and obesity. (R. 71). The ALJ further found, however, that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the impairments included in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 74). Additionally, considering Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), the ALJ determined Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and therefore, she is not disabled under sections 216(i) and 223(d) of the Act. (R. 80-81).  On February 4, 2014, Plaintiff filed a request for review of the hearing decision. (R. 44, 64).  On April 10, 2015, the Appeals Council denied Plaintiff's request for review. (R. 1-4). This denial by the Appeals Council established the ALJ's decision as the final decision of the Commissioner. (*Id.*). On June 3, 2015, as provided for in Section 205(g) of the Act, Plaintiff filed for court review in this court (Case number 4:15-cv-00927-CLS).

On April 21, 2016, the Honorable C. Lynwood Smith entered a memorandum opinion and order finding that although the ALJ was not required to accept the conclusion of Plaintiff's primary care physician, Dr. Morgan-Graves, that Plaintiff was disabled, (1) he was required to provide an adequate explanation, supported by the record, of his reasons for failing to accept the functional limitations assessed by Dr. Morgan-Graves, and (2) he did not satisfy that requirement. (*See* 4:15-

cv-00927-CLS, Doc. # 9). Accordingly, Judge Smith reversed the ALJ's decision and remanded the case to the Commissioner for further proceedings. (*Id.*).

In October 2016, Plaintiff's case was returned to the ALJ for further proceedings consistent with Judge Smith's order. (R. 1309). Thereafter, the ALJ scheduled and held a second hearing on August 1, 2017. (R. 1228-61, 1362). In attendance were Plaintiff, her attorney, a vocational expert, and medical expert, John Kwock, via telephone. (R. 2454). It was at this time that Plaintiff's counsel informed the court that he had just become aware of Plaintiff having had surgery in July 2015, and requested additional time to provide those records. (R. 2478). Because of this, plus an interrogatory to the medical expert, Plaintiff's counsel requested a supplemental hearing. (R. 2489). Plaintiff's request was granted and a supplemental hearing was held on July 3, 2018. (R. 2487-496). In attendance were Plaintiff, her attorney, and a vocational expert.

In his second decision dated October 24, 2018, the ALJ again found that through the date last insured, Plaintiff had the severe impairments of degenerative disc disease and obesity, but again also found that she did not have an impairment or combination of impairments that meet or medically equals the severity of one of the impairments included in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). (R. 1144-162). And, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (R. 1160). For these reasons, the ALJ determined Plaintiff was not under a disability, as defined in the Act, at any time from May 6, 2010, the alleged onset date of disability, through December 31, 2013, the date last insured. (R. 1162).

On November 21, 2018, Plaintiff filed her written exceptions to this second unfavorable decision and requested review of the ALJ's decision. (R. 1178-224). On February 4, 2020, the

Appeals Council determined Plaintiff's written exceptions did not provide a basis for changing the ALJ's decision, and denied Plaintiff's request for review. (R. 1133-137). This most recent denial by the Appeals Council establishes the ALJ's second decision as the final decision of the Commissioner and therefore a proper subject of this court's appellate review. 42 U.S.C. § 405(g).

**II.     ALJ Decision**

Under the authority of the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. (20 C.F.R. § 4040.1520(a)). The steps are followed in order. If it is determined that a claimant is or is not disabled at a step of the evaluation process, the evaluation need not go to the next step.

In the first step of the sequential processes, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of May 6, 2010 through her date last insured of December 31, 2013. (R. 1148). Next, at the second step the ALJ determined that Plaintiff suffers from the following severe impairments that could have more than a minimal effect on her ability to perform basic work activities for a continuous period of 12 months or more: degenerative disc disease and obesity. (*Id.*). However, at the third step the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equate to the severity of one of the impairments in the Listing of Impairments. (R. 1152). The ALJ found that Plaintiff failed to meet the criteria for section 1.04 of Appendix 1, which deals with the spine, concluding that the "evidence fails to show nerve root compression accompanied by sensory or reflex loss, spinal arachnoiditis, or lumbar spinal stenosis resulting in the inability to ambulate effectively." (*Id.*). Additionally, the ALJ looked at section 1.00Q of the Listing of Impairments and Social Security Ruling 02-1p, which requires consideration of obesity. (*Id.*). Taking into

account Plaintiff's obesity, the ALJ determined that "this impairment has not resulted in any complications or end organ damage that would meet or equal any aforementioned listings." (*Id.*).

At the fourth and fifth steps, the ALJ made additional findings that Plaintiff has prior work experience as a registered nurse and clinical nurse manager. (R. 1160). This work was performed long enough for Plaintiff to achieve average performance and was performed within the relevant period. (*Id.*). However, based on the overall evidence in her records, the ALJ determined Plaintiff is "unable to perform this work as she actually performed it or as it is generally performed in the national economy." (*Id.*). The ALJ determined that Plaintiff has the RFC to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b). (*Id.*). Given Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (*Id.*). In response to the various hypotheticals asked by the VE during the hearing held on August 1, 2017, the VE testified there are jobs available Plaintiff could perform such as information clerk (light, unskilled); garment sorter (light, unskilled); and marker (light, unskilled). (R. 2474-476). Based on this testimony, the ALJ determined that there is other work that exists in significant numbers in the national economy that Plaintiff could perform. Therefore, the ALJ concluded that Plaintiff is not disabled.

**III.     Plaintiff's Argument for Remand or Reversal**

Plaintiff presents three arguments in favor of reversing the ALJ's decision. First, she argues that the ALJ failed to accord proper weight to the opinions of her treating physician, Dr. Morgan-Graves, and failed to provide good cause for doing so. Second, Plaintiff argues that the ALJ failed to state with at least "some measure of clarity" grounds for giving less weight to Dr. Warren's opinion. And third, Plaintiff argues that the ALJ failed to apply Grid Rule 201.14, which is a rule

that helps determine if a claimant is disabled based on whether the claimant's skills from previous work are transferable.

## IV.     Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.    Discussion

### A.    The ALJ Did Not Improperly Discount the Testimony of Plaintiff's Treating Physician, Dr. Morgan-Graves

Plaintiff's first argument is that the ALJ failed to accord proper weight to the testimony of her treating physician, Dr. Morgan-Graves, and also that the ALJ failed to show good cause why. The court finds that is not the case.

The pertinent regulation provides that if the ALJ finds that a treating source's medical opinion on the issues of the nature and severity of their impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in their case record, the ALJ will give it controlling weight. 20 C.F.R. § 404.1527(c)(2). However, the ALJ must give a treating physician's opinion substantial weight, unless there is good cause to do otherwise. *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014). The Eleventh Circuit has concluded that "good cause" exists when (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Here, there is "good cause" because there is evidence that contradicts Dr. Morgan-Graves' opinion.

Whether a claimant is disabled is an issue expressly reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1). So, a statement by a medical source that someone is "disabled" does not mean that the ALJ must (or even should) determine that she is disabled. The ALJ must review all of the medical findings and other record evidence before determining if someone is disabled. 20 C.F.R. § 404.1527(d)(1); *Barnum v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 903, 905 (11th Cir. 2014).

Plaintiff asserts that the fact that she is disabled is evidenced by the physical capacity form completed by her treating physician, Dr. Morgan-Graves, which states that she is disabled. However, as stated above, a statement by a medical source that states someone is "disabled" does not mean that the ALJ will determine that person is disabled. It is the responsibility of the ALJ to assess the residual functional capacity of the claimant. 20 C.F.R. § 404.1546. Thus, the ALJ is not required to take the opinions of the claimant's treating physicians at face value.

In September 2013, Dr. Morgan-Graves filled out a Physical Capacities Form stating that Plaintiff can sit 3-4 hours at one time, can stand less than 30 minutes at one time, can walk less than 30 minutes at one time, can perform a task less than 30 minutes before needing rest or a break, and can maintain attention/concentration for 3-4 hours. (R. 868). As Judge Smith directed, the ALJ gave additional consideration to Dr. Morgan-Graves's opinion and found that it was inconsistent with the record evidence and also with Plaintiff's admitted and indicated activities and abilities, which include performing personal care, driving, preparing meals, and performing household chores. (R. 1158). Although Dr. Morgan-Graves is Plaintiff's treating physician, Dr. Morgan-Graves's opinions contradict the opinions of other medical experts.

In January 2012, Dr. Andrade, Plaintiff's physician, and David Bishop, Plaintiff's physical therapist, evaluated Plaintiff and discharged her based on the fact that she was getting better and having less back pain. (R. 643-47). The ALJ gave significant weight to these opinions because they were consistent with the record evidence. (R. 1157).

In May 2013, Dr. Susann Kircher, Plaintiff's asthma and allergy specialist, wrote on her Physical Capacities Form that Plaintiff can sit for 6 hours at one time, can stand for 4 hours at one time, can walk for 2 hours at one time, and could occasionally lift 26-50 pounds. (R. 675). The

ALJ gave lesser weight to Dr. Kircher's opinion as there were matters that she acknowledged she could not discern.

In October 2013, Dr. Warren filled out a Physical Capacities Form stating that Plaintiff can sit for 1 hour at one time, can stand less than 30 minutes at one time, can walk less than 30 minutes to an hour at one time, can perform a task 1-2 hours before needing rest or a break, and can maintain attention/concentration for 1-2 hours. (R. 1014). The ALJ gave little weight to Dr. Warren's opinion because it was based only on a one-time examination. (R. 1157). Additionally, the ALJ found Dr. Warren's opinion was inconsistent with the overall evidence of the record. (R. 1158).

In September 2017, Dr. Kwock, an M.D. and impartial VE, filled out a Medical Source Statement of Ability to Do Work-Related Activities stating that Plaintiff can sit, stand, and walk for 4 hours at one time without interruption; frequently climb stairs, ramps, and ladders or scaffolds; continuously kneel; frequently crouch; and occasionally crawl. (R. 2155, 2157). The ALJ gave significant weight to Dr. Kwock's opinion because it was consistent with the overall evidence of the record. (R. 1157).

The pertinent regulation clearly states that the more consistent a medical opinion is with the record as a whole, the more weight the ALJ may give to that medical opinion. 20 C.F.R. § 404.1527(c)(4). As stated above, Dr. Morgan-Graves' opinion contradicts the opinions of other medical sources. Therefore, despite the ALJ's additional consideration toward Dr. Morgan-Graves' opinion, the ALJ did not err in assigning it little weight.

### B.     The ALJ Stated "Some Measure of Clarity" for Assigning Little Weight to the Opinion of an Examining Physician, Dr. Jarrod Warren

Plaintiff next argues that the ALJ failed to provide with at least "some measure of clarity" grounds for not giving enough weight to the opinion of an examining physician, Dr. Jarrod Warren. The court disagrees.

9

The Eleventh Circuit requires an ALJ to "state with particularity the weight given to different medical opinions and the reasons therefor." *McClurkin v. Soc. Sec. Admin.*, 625 Fed. Appx. 960, 962 (11th Cir. 2015). In *McClurkin*, the circuit court concluded that the ALJ failed to articulate his reasons why he discounted the medical opinions. (*Id.*). Therefore, the Eleventh Circuit reversed the denial of benefits because the ALJ's decision failed to state with at least "some measure of clarity" the reasons for his decision. (*Id.*).

But that is not true here. Unlike the ALJ in *McClurkin*, after the second hearing the ALJ here provided adequate reasons why he gave less weight to Dr. Warren's opinion. Plaintiff asserts that the ALJ improperly gave "little weight" to Dr. Warren's opinion because the evaluation was the result of an attorney referral. However, that is clearly not the case. The ALJ did seem skeptical about the referral, but the ALJ provided actual reasons for giving "little weight" to Dr. Warren's opinion. As the ALJ stated, "[a]lthough Dr. Warren describe[d] back and neck pain as [Plaintiff]'s most debilitating issue, his report contain[ed] little specific information concerning his back and neck range-of-motion testing, and there is no objective diagnostic imaging or other means of determining any diagnostic assessment of a reason for the pain." (R. 1157-158). Additionally, as the ALJ noted, Dr. Warren's opinion is inconsistent with the overall record evidence. (R. 1158). Therefore, the court concludes that the ALJ properly assigned little weight to Dr. Warren's opinion.

### C. Grid Rule 201.14 Was Properly Applied

Finally, Plaintiff argues "the ALJ failed to apply Grid Rule 201.14 which provides that if the claimant is limited to sedentary work and closely approaching advanced age (meaning between ages 50-54) and the claimant is a high school graduate, but does not have an education that provides direct entry into skilled work, and her previous work experience consists of either unskilled or

skilled or semi-skilled with skills that are non-transferrable, then the claimant is found to be disabled." This argument is misplaced for at least two reasons.

First, Rule 201.14 does not apply here because, by definition, it only applies if the claimant is limited to sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."). *Lapica v. Comm'r of Soc. Sec.*, 501 F. App'x 895, 898 (11th Cir. 2012). Here, the ALJ found Plaintiff could perform light work.

Second, an ALJ may rely on the testimony of a VE to determine what level of skill the claimant achieved in her past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs. *Jones v. Apfel*, 190 F.3d 1224 (11th Cir. 1999). The VE provides the ALJ with the additional data necessary to make a disability determination, and unless the VE is proven incorrect, the ALJ may rely on the VE's testimony. *See id.* at 1230. Here, after establishing Plaintiff's RFC and resulting limitations, the ALJ appropriately consulted the VE in accordance with SSR 83-12 and included Plaintiff's RFC limitations in his hypothetical questions. (Tr. 2471-478). The VE testified that Plaintiff's past relevant work as a clinical nurse manager and registered nurse were skilled and corresponded to a specific vocational preparation code of seven. (R. 2472). The VE further testified that this work resulted in transferable skills. (*Id.*). So, although the ALJ determined that through the date last insured Plaintiff was unable to perform any of her past relevant work, he further determined that she had acquired work skills from her past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (R. 1160). Therefore, there is substantial evidence in the record that supports the ALJ's conclusion that Plaintiff could perform other jobs.

## VI.     Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this September 16, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE